United States District Court
For the
Southern District of Iowa, The Eastern Division

| | |
|---|---|
| MARY BOUILLION )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNIVERSITY OF IOWA; )<br>UNIVERSITY OF IOWA HOSPITALS )<br>& CLINICS )<br>)<br>Defendant. ) | Civil Action No.<br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

**COMES NOW** the above-named Plaintiff and in support of her cause of action states the following:

1. The Plaintiff is citizen of Iowa residing at 1918 Northridge Drive, Coralville, Iowa 52241.  The Defendant, University of Iowa, is a public institution of higher learning located at 202 Jessup Hall, Iowa City, Iowa 52242. The University of Iowa operates the University of Iowa Hospitals & Clinics, a university run hospital and clinic located at 200 Hawkins Drive, Iowa City, Iowa 52242 (hereinafter both collectively referred to as "Defendant"). The amount in controversy, without interest and costs, exceeds the value specified by 28 U.S.C. § 1332.

2. Jurisdiction also arises under 42 U.S.C. §§ 12101 et seq., as amended, prohibiting employment discrimination on the basis of a disability and failure to offer a reasonable accommodation to disabled employees.

3. The Defendant is a public educational institution of higher learning offering undergraduate and post-graduate curriculum.

4. The Plaintiff began employment with the Defendant in July 1991 as a Social Worker III in the Department of Social Service.

5. The Plaintiff was terminated from employment on or about May 19, 2012.

6. During the course of employment, and subsequent to commencing employment with the Defendant, the Plaintiff became disabled as defined under 42 U.S.C § 12102 and Iowa Code § 216.2(5) from major depressive disorder and post-traumatic stress disorder.

7. That the post-traumatic stress disorder and major depressive disorder are significant mental impairments that substantially limit the Plaintiff's major life activities, and cause her substantial hardship.

8. The Plaintiff was able to perform the essential functions of her job with, or without, a reasonable accommodation.

9. The Defendant was aware of the Plaintiff's post-traumatic stress disorder and major depressive disorder.

10. The Plaintiff requested a reasonable accommodation from the Defendant, which were not adequately provided, including but not limited to:

    a. Failing to relocate the Plaintiff's office to a location where necessary dictation software would be operable;

    b. Failing to consistently provide necessary dictation software (Dragon Speak);

    c. Failing to transfer the Plaintiff to a vacant position which she was qualified;

    d. Placing the Plaintiff on an ADA referral program as a pretext;

11. A reasonable accommodation could have been provided by the Defendant without hardship.

12. The Defendant failed to provide the reasonable accommodation notwithstanding its ability to do so.

13. The Plaintiff exhausted all administrative remedies through the Defendant to obtain a reasonable accommodation.

14. On or about May 19, 2012, the Defendant knowingly and intentionally terminated the Plaintiff on the basis of her

>     disabilities in violation of 42 U.S.C. §§ 12101 et seq., as amended, and Iowa Code §§ 216 et seq.

15. The Defendant further violated said law by requiring her to compete for a vacant position pursuant to the Defendant's claimed non-discriminatory policy of hiring the most qualified candidate.

16. The Plaintiff has been unable to find comparable employment despite applying for vacant positions which she was qualified subsequent to being terminated by the Defendant.

17. On or about July 9, 2012, the Plaintiff filed a complaint with the United States Equal Employment Opportunity Commission alleging discrimination on the basis of the Plaintiff's disability and failure to provide a reasonable accommodation.

18. The Iowa Civil Rights Commission issued an Administrative Release (Letter of Right-To-Sue) on March 27, 2013 which is attached hereto and incorporated herein.

19. The U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue on March 4, 2013 which is attached hereto and incorporated herein.

20. Since the Plaintiff was terminated by the Defendant, the Plaintiff has suffered severe emotional distress directly related to her unlawful termination. Furthermore, the Plaintiff has been unable to find any employment comparable to her former position.

21. That as a result of the Defendant's discriminatory conduct the Plaintiff has suffered damages, including: past, present, and future lost wages, severe emotional and mental distress, employment benefits that she would have received from continued employment, attorney fees, costs and expenses.

22. That the Court should enter judgment in favor of the Plaintiff against the Defendant for all past, present, and future lost wages, past, present, and future emotional distress, employment benefits that she would have received from continued employment, reasonable attorney fees, and all costs and expenses, and all other relief the Court deems appropriate.

23.  The Plaintiff demands a trial by jury.

**WHEREFORE** the Plaintiff demands a money judgment against the Defendant for past, present, and future lost wages, past, present and future emotional distress suffered plus costs, attorney fees, and interest at a rate allowed by law and all other relief the Court deems just and equitable.

Dated:  May 17, 2013

            __/S/Dale L. Putnam_____
**Dale L. Putnam        AT0006463**
**Putnam Law Office**
**801 Commerce Drive, Suite 1**
**P.O. Box 70**
**Decorah, Iowa 52101**
**Ph.  (563) 382-2984**
**Fax. (563) 382-8810**
[putlaw@putlaw.com](mailto:putlaw@putlaw.com)
**ATTORNEY FOR PLAINTIFF**